FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

No. 4:26-CV-05047-SAB

**ORDER REVERSING THE DECISION OF COMMISSIONER**

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Chad Hatfield. The Commissioner is represented by John Drenning, L. Jamala Edwards and Joseph Derring. Pending before the Court is Plaintiff's Opening Brief/Motion for Summary Judgment, ECF No. 7, and the Commissioner's Brief, ECF No. 9.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

## I. Jurisdiction

On May 3, 2023, Plaintiff filed a Title XVI application supplemental

security income with the onset date of February 1, 2018.[1] Plaintiff's application was denied initially and on reconsideration. Plaintiff timely requested a hearing. A hearing was held on May 22, 2025. Plaintiff appeared by telephone with counsel, Chad Hatfield. Sharon Welter also appeared at the hearing. On June 2, 2025, ALJ Jesse Shumway found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on February 4, 2026. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal on April 7, 2026. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.*

---

[1] At the hearing, he amended the alleged onset date to the protective filing date of May 3, 2023.

§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.*

§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole,

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

**IV. Statement of Facts**

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 48 years old. He graduated from college. He has not had regular employment since 2019, after his anxiety worsened and he was unable to go to work. He has past work in security, telemarketing and customer service.

He testified that he has nightmares, which causes him emotional and physical exhaustion throughout the next day, as well as being hypervigilant, edgy, and irritable. He testified he is unable to leave his home on those days, and he has difficulty completing necessary tasks such as bathing and cooking. He can take a rescue medication to calm himself, but this results in severe daytime drowsiness. He testified when triggered he is wholly unable to function for six to eight hours.

Plaintiff testified that his father was abusive and controlling and would have his friends watch out for Plaintiff when he left the house. Although his father is dead, Plaintiff thinks people are still spying on him when he goes out, or even when he is in the house. He is paranoid when he is out and is worried that someone from his past will engage and it will not be a pleasant experience.

At one point, he had suicidal ideations and he spent time in a transitional program that allowed him to decompress in a safe atmosphere.

Plaintiff has been diagnosed with type two diabetes and hypertension. He takes medication and he is able to manage it.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-28. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 3, 2022. AR 19.

At step two, the ALJ identified the following severe impairments: obesity; diabetes mellitus; depressive disorder; anxiety disorder; posttraumatic stress disorder (PTSD). AR 19.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21.

The ALJ concluded that Plaintiff has an RFC to perform:

> a full range of medium work as defined in 20 CFR 416.967(c), except: he is limited to simple, routine tasks; he can have only occasional, superficial interaction with the public, supervisors, and coworkers; and he requires a predictable work environment with no more than occasional changes.

AR 22.

At step four, the ALJ found that Plaintiff has no relevant work. AR 26.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including Machine packager, hospital cleaner, and industrial cleaner. AR 27. Consequently, the ALJ found that Plaintiff was not disabled since May 3, 2023. AR 28.

## VI. Issues

1. Whether the ALJ properly evaluated the medical opinion evidence.
2. Whether the ALJ conducted a proper Step 3 analysis.
3. Whether the ALJ properly evaluated Plaintiff's testimony.
4. Whether the ALJ's Step Five analysis is supported by substantial evidence.

//

## VII. Discussion

### 1. Evaluation of the Medical Opinion Evidence

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

#### a. Dr. Morgan

Dr. Morgan conducted three evaluations for the Washington State Department of Social & Health Services.

In 2020, Dr. Morgan examined Plaintiff and found he had the following marked limitations: adapt to changes in a routine work setting and complete a normal work day and work week without interruptions from psychologically based symptoms. He gave an overall severity rating of moderate limitations.

In 2023, Dr. Morgan examined Plaintiff, noting Plaintiff experienced moderate to severe anxiety and depression, which included anxiety about closed spaces, anxiety about crowds, not liking leaving the house alone, as well as depressed mood, anhedonia, sleep disruption, fatigue, agitation, feelings of worthlessness, poor concentration, history of suicidal thinking. Dr. Morgan identified the following marked limitations in the ability to: perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerances without special supervision, adapt to changes in a routine work setting; make simple work-related decisions, and complete a normal workday and work week without interruptions from psychologically bases symptoms. He concluded that the overall severity of Plaintiff's mental impairments was marked.

In 2025, Dr. Morgan examined Plaintiff. Plaintiff reported to Dr. Morgan that he spent time in inpatient treatment, and he had been diagnosed with PTSD. Plaintiff reported he experienced abuse and fear from his father, who eventually had pulled a gun on him. Plaintiff reported experiencing nightmares and flashbacks. He reported to Dr. Morgan that he doesn't like talking to people, he doesn't like being around people, and he wants to just keep to himself where he has a better chance of not getting hurt. He also stated his depression is crushing. Dr. Morgan identified additional marked limitations beyond those identified in 2023, including being able to ask simple questions or request assistance, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting and set realistic goals and plan independently. Again, Dr. Morgan concluded that the overall severity of his mental impairments was marked.

The ALJ found Dr. Morgan's opinions to be not consistent with the total record and are poorly supported and therefore had very little persuasive value. The ALJ's evaluation of Dr. Morgan's evaluations is not supported by substantial evidence in the record. Rather, the record is consistent and supportive of Dr. Morgan's assessments. Notably, the record demonstrates that Plaintiff experiences significant anxiety, anger, irritability, fatigue, and distress, and the record demonstrates that he has difficulty leaving the house. After Plaintiff has nightmares, which occur more than half of the time in a month, he struggles to complete daily activities and will sleep for up to 6 hours. The ALJ combed through the records and found incidents where Plaintiff was moderately functioning, while minimizing incidents where Plaintiff was struggling. This was in error. Rather, Dr. Morgan's opinions span five years and are consistent in noting that Plaintiff has marked limitations.

**b. Dr. Renee Eisenhauer**

In April 2023, Dr. Eisenhauer performed a review of the medical evidence for the Department of Social & Heath Services. She noted diagnoses of agoraphobia and major depressive disorder were supported as well as Dr Morgan's assessed marked functional limitations.

The ALJ found Dr. Eisenhauer's opinions to not be supported because she did not provide sufficient analysis to support her conclusions. This was in error. For the same reasons stated above, Dr. Eisenhauer's review of the medical evidence is supported by and consistent with the medical evidence.

**2. Step Three Analysis**

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," the claimant is presumed disabled at step three, and the ALJ need not make any specific finding as to their ability to perform past relevant work or any other jobs. 20 C.F.R. § 404.1520(d). An ALJ must evaluate the relevant evidence before concluding that a

claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990) (holding that ALJ erred by failing to consider evidence of equivalence).

Here, the ALJ committed legal error in conducting the Step-Three analysis. In assessing no more than moderate limitations in the “paragraph B” criteria of the mental health Listings, the ALJ recited some normal and some abnormal findings without any analysis. In finding that the evidence fails to establish the presence of the “paragraph C” criteria, the ALJ made boilerplate findings without any reference to the evidence or evaluation of Plaintiff’s ability to adapt to changes in environment or demands that are not already part of daily life. And when the opinions of Dr. Morgan and Dr. Eisenhauer are properly considered along with the treatment record, it is clear Plaintiff suffers marked limitations in the “paragraph B” criteria of interact with others, adapt or manage oneself, and concentrate, persist, or maintain pace. He also satisfies the “paragraph C” criteria, exhibiting the minimal capacity to adapt to changes in environment or demands that not already part of daily life. He frequently struggles to leave home, has great difficulty interacting with others, and frequently suffers from severe symptoms of PTSD, anxiety, and depression, resulting in isolating, lashing out in anger, and a highly restricted ability to function in public. He is unable to cope with the additional stress he would encounter in a competitive work environment, which would cause him to decompensate.

**VIII. Conclusion**

The ALJ’s decision that Plaintiff is not disabled is not supported by substantial evidence in the record. Rather, if Dr. Morgan’s evaluations and Dr. Eisenhauer’s conclusions were properly evaluated, it is clear that Plaintiff is disabled. Moreover, the record adequately demonstrates that Plaintiff meets the listings for 12.04, 12.06, or 12.15. As such, a remand for an immediate award of

benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief/Motion for Summary Judgment ECF No. 7, is **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 9, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and remanded for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 15th day of September 2026.

Stan Bastian
Chief United States District Judge